UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DOROTHEA R. WASHINGTON,<br><br>    Plaintiff,<br><br>  v.<br><br>PATRICK R. DONAHOE, Postmaster General,<br><br>    Defendant. | No. 14 CV 1890<br><br>Judge Manish S. Shah |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, a former employee of the United States Postal Service, claims she was not allowed to return to work as a result of a perceived disability, and in violation of the Rehabilitation Act. Defendant, the former employer, denies these allegations and has moved for summary judgment. For the following reasons, defendant's motion is granted.

**I.   Legal Standard**

Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *Spurling v. C & M Fine Pack, Inc.*, 739 F.3d 1055, 1060 (7th Cir. 2014). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party seeking summary judgment has the burden of establishing that there is no genuine dispute as to any material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Local Rule 56.1 requires a party moving for summary judgment to file a statement of material facts consisting of "short numbered paragraphs, including within each paragraph specific references to the affidavits, parts of the record, and other supporting materials relied upon to support the facts set forth in that paragraph." LR 56.1(a). The non-moving party is then required to file a response to the movant's statement, containing "a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon." LR 56.1(b)(3)(B). "All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party." LR 56.1(b)(3)(C).

In this case, defendant moved for summary judgment and complied with the requirements of Local Rule 56.1(a). Defendant also satisfied its obligation under Local Rule 56.2 to serve on plaintiff, who was pro se when the motion was filed, the "Notice to Pro Se Litigants Opposing Summary Judgment." Despite being served with this notice, plaintiff failed to file either a brief in opposition to defendant's motion or a response under Local Rule 56.1(b)(3). Accordingly, the material facts contained in defendant's statement of facts are deemed admitted and undisputed for the purpose of the present motion.

## II. Background

This is an action for employment discrimination on the basis of a perceived disability, arising under the Rehabilitation Act (29 U.S.C. § 791, *et seq.*). According

to the Equal Employment Opportunity Commission decision that plaintiff Dorothea Washington appended to her complaint, plaintiff worked as a bulk mail technician at the U.S. Postal Service's South Suburban Post in Bedford Park, Illinois. [9] at 6. On June 21, 2010, plaintiff sustained an injury (including a fractured femur) that was not job-related. *Id*. She required hospitalization and surgery. *Id*. On September 8, 2011, plaintiff twisted her right knee while walking to the bathroom, resulting in an on-the-job injury to the same leg. *Id*. at 7. In a note dated November 16, 2011, plaintiff's physician indicated that plaintiff could return to full duty on November 21, 2011. *Id*. Instead of being returned to work, though, plaintiff was made to undergo a series of examinations over the course of a number of months. *Id*.

As plaintiff says in her own words, defendant "refused to allow plaintiff to return to work with completed doctor's statement that stated plaintiff was able to return with no restrictions or in other words able to return to full duty." *Id*. at 3. Plaintiff alleges that the "facts supporting the plaintiff's claim of discrimination" are "2 separate clearing[s] by doctors the post office chose for plaintiff to see." *Id*. at 4. Plaintiff requests that the court "[d]irect the defendant to . . . make plaintiff whole and pay plaintiff all monies due plaintiff as if she worked." *Id*. Plaintiff also checked the box on her form complaint: "If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees." *Id*.

**III. Analysis**

"To establish a *prima facie* case under the Rehabilitation Act, [a plaintiff] must show that [she]: (1) suffers from a substantial limitation of a major life activity (i.e., [she] is disabled under the terms of the statute); (2) is otherwise qualified to perform the essential functions of [her] job, with or without reasonable accommodation; and (3) has suffered an adverse employment decision because of the disability." *Scheerer v. Potter*, 443 F.3d 916, 918 (7th Cir. 2006). A plaintiff bringing such a claim may prove the discrimination of prong three directly or by means of the *McDonnell Douglas* indirect approach. *See Dyrek v. Garvey*, 334 F.3d 590, 598 (7th Cir. 2003); *see also McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). A plaintiff establishes a *prima facie* case of discrimination under the indirect method with evidence that (1) she is a member of the protected class; (2) she was qualified for the position; (3) she suffered an adverse employment action; and (4) similarly-situated employees outside of the protected class received more favorable treatment. *Ripberger v. Corizon, Inc.*, 773 F.3d 871, 879 (7th Cir. 2014). If the plaintiff is able to establish each of these elements, the burden then shifts to her employer to offer a legitimate, non-discriminatory reason for the employment decision. *McDonnell Douglas*, 411 U.S. at 802–03. If the employer successfully satisfies this requirement, the burden then shifts back to plaintiff to prove that the employer's stated reason is really a pretext for discrimination. *Id.* at 804.

According to the undisputed evidence in this case, after plaintiff sustained her on-the-job injury on September 8, 2011, she was diagnosed with severe

4

degenerative joint disease. [28] ¶ 6. Plaintiff took a medical leave of absence beginning the next day, and filed a claim for workers' compensation shortly thereafter. *Id*. In response to a written request from defendant, dated November 2, 2011, asking for additional medical documentation to substantiate her injury and for an estimated return date, plaintiff provided a note from her physician, Dr. Giricz, saying plaintiff was "totally incapacitated from 9-9-11 thru [November 3, 2011]. Difficulty is continuing." *Id*. ¶ 7. No additional medical documentation or estimated return date was provided. *Id*. In response to a second letter from the Postal Service dated November 15, 2011, informing plaintiff that she would be placed on unpaid status without satisfactory evidence of her continued incapacity for work, plaintiff provided a note from a different physician, Dr. Javors, stating that she "may return to full duty on 11/21/11." *Id*. ¶ 8. No additional commentary or documentation was provided by Dr. Javors. *Id*.

Based on the lack of medical documentation regarding her condition and abrupt change in prognosis from totally incapacitated to purportedly being able to return to full duty, Dr. Elaine Ferguson, Senior Area Medical Director for the Postal Service, determined that a functional capacity evaluation (FCE) and fitness-for-duty exam (FFD) were necessary before plaintiff could be medically cleared to return to full duty. *Id*. ¶ 9.[1] Plaintiff underwent a FCE on March 29, 2012, at Accelerated

---

[1] The purpose of an FCE is to determine the functional status of the subject employee and assess whether the employee has physical limitations or restrictions that may interfere with her capacity to perform certain job functions. *Id*. ¶ 10. The FFD exam is a follow up physical exam that measures the employee's performance in specific tasks such as lifting, bending, standing, and walking, that are essential to the employee's job duties. *Id*.

Rehabilitation Centers, a third-party clinic used by the Postal Service to administer FCEs. *Id.* ¶ 12. However, the exam was discontinued prior to completion due to the fact that plaintiff's heart rate exceeded normal limits during the 100-yard walking test. *Id.* The FCE examiner recommended that plaintiff receive medical clearance from a physician who was familiar with cardiovascular conditions prior to resuming and completing the FCE. *Id.* Upon further evaluation by Dr. Giricz (who acknowledged that plaintiff had an abnormal myocardial test result), plaintiff was cleared to resume the FCE as of July 24, 2012. *Id.* ¶ 13. The results of the completed FCE (administered at Accelerated Rehab on August 7, 2012) indicated that plaintiff had restrictions on lifting, carrying, walking, and kneeling, and that she showed physical capabilities to function minimally at the light category of work. *Id.* Having completed the FCE, plaintiff underwent a FFD examination on October 17, 2012, administered by Dr. Cindy Ross, to determine whether her physical limitations would interfere with the essential function of her job as a bulk mail technician. *Id.* ¶ 14. Dr. Ross agreed with the limitations identified in the FCE report and recommended that plaintiff not exceed those limitations. *Id.*

In light of the discrepancy between the FFD results and Dr. Javors's original note from November 2012 suggesting that plaintiff could resume full (unrestricted) duty, the Postal Service contacted Dr. Javors to inquire whether he concurred with Dr. Ross's assessment regarding plaintiff's limited functional capacity and ability to return to work. *Id.* ¶ 15. Dr. Javors indicated that he could not provide input because he had not seen plaintiff in over a year. *Id.* Because Dr. Javors was not able

6

to provide input into plaintiff's functional status, on December 4, 2012, the Postal Service asked Dr. Ross to complete a light-duty form that indicated the appropriate work restrictions for plaintiff based on her assessed physical limitations. *Id*. ¶ 16. But rather than return to work upon receiving her medical clearance, plaintiff opted for voluntary early retirement in December 2012. *Id*. ¶ 17.

On this record, there is no genuine dispute of material fact and defendant is entitled to judgment as a matter of law. First, the evidence does not make out a *prima facie* claim under the Rehabilitation Act because there is no evidence that plaintiff was discriminatorily denied the right to return to work due to a perceived disability. The record contains no direct or indirect evidence of discrimination—the latter being true because, among other things, no person is identified who was outside of plaintiff's class and treated more favorably. To the contrary, the undisputed evidence is that defendant sought to learn the extent of plaintiff's physical abilities in order to obtain the appropriate medical clearance for her to return to full duty. Plaintiff voluntarily retired before this was accomplished.

Second, even if the record did support a *prima facie* claim, summary judgment would still be appropriate because no evidence reasonably supports the inference that defendant's explanations for not allowing plaintiff to immediately return to work—the discrepancies between the doctors' prognoses and also requiring plaintiff to obtain medical clearance from a physician who was familiar with cardiovascular conditions—were actually pretexts for discrimination. "In order to demonstrate a material issue of fact as to pretext, a plaintiff must show that

7

either (1) it is more likely that a discriminatory reason motivated the employer than the proffered non-discriminatory reason or (2) that an employer's explanation is not credible." *Hudson v. Chicago Transit Authority*, 375 F.3d 552, 561 (7th Cir. 2004). Neither of these conditions is met in this case.

IV. **Conclusion**

Defendant's motion for summary judgment [26] is granted. Enter judgment in favor of defendant and terminate civil case.

ENTER:

_____
Manish S. Shah
United States District Judge

Date: 6/1/15